UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAHARI SHAMEL INGRAM-ROBINSON,

                          Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

19-CV-11071 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff Kahari Ingram-Robinson, a Westchester County resident, is appearing *pro se*. Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of an informal decision denying his application for Supplemental Security Income (SSI) because he did not attend his appointment. A notice to Plaintiff from the Social Security Administration advises him that if he "want[s] to file [for SSI benefits], please contact us to set up a new appointment." (Compl., ECF 2, at 11.) By order dated December 4, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff Kahari Ingram-Robinson attaches to his complaint a document from the Social Security Administration. The notice provides that an "informal decision" has been made that Plaintiff is ineligible for benefits because Plaintiff "did not file an application for SSI." (Compl., ECF 2, at 11.) The notice directs Plaintiff to contact the Social Security Administration at (855) 210-1026 if he wants to set up a new appointment to file a claim for SSI benefits. (*Id.* ("If you want to file, please contact us to set up a new appointment.")).

## DISCUSSION

The Social Security Act permits claimants to seek review in federal court of a "final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was party." 42 U.S.C. § 405(g). If a complaint does not contain allegations showing that there has been a final decision, then it does not satisfy the requirements for jurisdiction under § 405(g). *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) ("The statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'").

The "final decision" requirement has two elements. The first is the requirement that a claim for benefits be presented to the Commissioner of Social Security. The second is the requirement that the administrative remedies of the Social Security Administration be exhausted. *Abbey v. Sullivan*, 978 F.2d 37, 43 (2d Cir. 1992) (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)). To exhaust the administrative review process, a plaintiff must: (1) receive an initial determination concerning the computation of benefits; (2) seek reconsideration; (3) request a hearing before an administrative law judge (ALJ); and (4) request that the Appeals

Council review the ALJ's decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(1)-(5). Once the Appeals Council issues a final decision, the plaintiff may seek review of it in a federal district court.[1]

Because it is clear from Plaintiff's complaint that he has not presented an application for benefits to the Social Security Administration and received a final decision from the Commissioner of Social Security, Plaintiff's complaint cannot proceed at this time.

Second Circuit precedent is clear that "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). Here, however, it would be futile to grant Plaintiff leave to amend his complaint because this action cannot proceed until Plaintiff applies for benefits and obtains a final decision. The Court therefore dismisses this action without leave to replead. Nothing in this order prevents Plaintiff from filing a new complaint if he submits a new application for SSI benefits and receives a final decision from the Commissioner of Social Security denying him benefits.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint is dismissed for lack of

---

[1] "[I]f . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision." *Sims v. Apfel*, 530 U.S. 103, 107 (2000). "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." *Id.*

jurisdiction because he has not yet applied for Social Security benefits and received a final decision from the Commissioner of Social Security.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: December 13, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge